# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARY R. SEILER, et al.,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., et al.,

      Defendants.

Case No. 2:10-CV-01405-KJD-RJJ

**ORDER**

Currently pending before the Court is Plaintiff's Motion for Entry of Clerk's Default (#4), and Amended Motion for Entry of Clerks Default (#7).  In Response to said Motions, Defendants filed Motions to Strike (##6, 8), as well as Responses in Opposition (##10, 19).  Subsequently, Plaintiff filed a Motion to Strike (#21), seeking that the Court strike the Defendants' Motions to Strike.  Additionally Plaintiff filed a Response in Opposition to Defendants' Motion to Strike (#9).[1]  The Court has considered each of the Motions, together with the Responses and Replies, and issues its ruling on each, together herein.

**I. Background**

Plaintiff Mary R. Seiler originally filed this action in state court on or about July 22, 2010, alleging claims for fraud, breach of contract, and mail, telephone, and wire fraud.  The Complaint alleges *inter alia* that on May 27, 2010, Defendants held an unlawful foreclosure sale for the subject property, located at 1476 Rancho Navarro St., Henderson, NV 89012.  Plaintiff seeks that the Court void the underlying trustee's sale and "warn the defendants against further unlawful procedure against [her] in the loan modification process."  (Compl. at ¶ 27.)

---

[1]Plaintiff also filed a Motion to Dismiss Response (#23), yet subsequently filed a Motion to Withdraw Motion to Dismiss (#26), which was granted by the Court on September 27, 2010.

1    At the time she filed her Complaint in State Court, Plaintiff also filed an Application for

2    Temporary Restraining Order which was granted on July 23, 2010.  On August 4, 2010, Defendants

3    filed an Opposition to the Application for Temporary Retraining Order and appeared in opposition at

4    a Hearing on the Application on August 5, 2010.   Following the Hearing, the State Court extended

5    the Temporary Restraining Order and set a Hearing upon the Application for a Preliminary Injunction

6    for August 20, 2010.  On August 10, 2010, Plaintiff filed an Amended Complaint in State Court

7    naming both Mary R. Seiler and her former husband Fred O. Bartholomew as Plaintiffs.  Defendants

8    removed the action to Federal Court on August 18, 2010.  (See #1.)

9    Plaintiff's instant Motions for Default are addressed to the Clerk of the Court, and seek that

10   default be entered against Defendants pursuant to Fed. R. Civ. P. 55.  As stated above, Defendants, in

11   opposition, seek that the Court strike Plaintiff's Motions, as well as Plaintiff's Amended Complaint.

12   **A. Motion for Default**

13   Obtaining a default judgment is a two-step process governed by Federal Rule of Civil

14   Procedure 55.  Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986).  First, Rule 55(a) provides,

15   "When a party against whom a judgment for affirmative relief is sought has failed to plead or

16   otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's

17   default." Fed. R. Civ. P. 55(a).  Second, after the clerk enters default, a party must seek entry of

18   default judgment under Rule 55(b).

19   While Motions made pursuant to Rule 55 are referred automatically to the Clerk of the Court,

20   in this case, the Clerk of the Court referred the Motions to the District Judge because neither of the

21   Motions for Judgment filed by Plaintiff showed "by affidavit or otherwise" Defendants' failure to

22   defend in this action.  Additionally, the Clerk could not enter judgment against Defendants because

23   Plaintiff has failed to file proof of proper service of summons and complaint in accordance with Fed.

24   R. Civ. P. 4.

25   Likewise, Defendants aver that default is inappropriate because Plaintiff has failed to file a

26   proof of service of the summons and complaint.  Additionally, Defendants argue that Plaintiff's

2

1    Motions for Default should be denied because Defendants have made an appearance in this action by

2    participating in state court proceedings and by removing the action to federal court.   The Court

3    agrees.  A review of the docket shows no proof of service of summons and complaint has been filed

4    by Plaintiff, or that Plaintiff has properly shown by affidavit or otherwise that Defendants have failed

5    to defend in this action.

6         As stated above, on August 10, 2010, Plaintiff filed an Amended Complaint in State Court

7    naming as Plaintiffs both Mary R. Seiler and Fred O. Bartholomew.[2]  Defendants removed the action

8    to Federal Court on August 18, 2010.  Accordingly, by defending against the Temporary Restraining

9    Order in State Court, removing the case to federal court, and filing both its Opposition to Plaintiff's

10   Motion (#10), and Motion to Strike (#6) the Defendants have taken action sufficient to preclude

11   default.  Accordingly, for the reasons stated above the Court finds that Plaintiff's Motion for Default

12   should be denied.

13        **B. Motions to Strike**

14        Defendants also filed Motions to Strike (##6, 8), seeking that the Court strike Plaintiff's

15   Motions for Default Judgment, Notices of Intent to Take Default, and Plaintiff's Amended

16   Complaint.  Because the Court denies Plaintiff's Motions for Default herein, the issue of striking said

17   Motions and their accompanying Notices is moot.  Thus only Defendants' request that the Court

18   strike Plaintiff's Amended Complaint remains.  Specifically, Defendants' request seeks that the

19   Amended Complaint be stricken from the record pursuant to Fed. R. Civ. P. 11 because the

20   document does not contain the signature of Plaintiff Fred Bartholomew, and Bartholomew is not

21   represented by counsel.[3]

22

23

24        [2] The Amended Complaint was not signed by Mr. Bartholomew.  (See #1 Ex. F.)

25        [3]Fed. R. Civ. P. 11 states, in pertinent part, as follows:
          (a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record
26   in the attorney's name—or by a party personally if the party is unrepresented.

3

In response Plaintiff Seiler states that she signed the name of her former husband Fred O. Bartholomew, on the previously filed Motion to Amend because she "misread Nev. R. Civ. P. Rule 19(a) and thought she could join [him] with only his oral permission using her Power of Attorney to sign his name." (#9 at 2.)

While the Court notes the irregularity and anomalistic nature of Plaintiff's Response, as a *pro se* Plaintiff the Court must construe her pleadings liberally. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Accordingly, because Defendants' Motion seeks to have the Amended Complaint stricken due to the lack of Bartholomew's signature, and in conjunction with the request made in Plaintiff's Response, the Motion to Strike should be denied. Rather, per Plaintiff's admission of having mistakenly added Bartholomew to the action, the Court dismisses Plaintiff Fred. O. Bartholomew pursuant to Fed. R. Civ. P. 41. Accordingly, Defendants' Motions to Strike are denied. Under the same reasoning, Plaintiff's Motion to Strike (#21) is also denied.

**II. Conclusion**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Clerk's Default (#4), and Amended Motion for Entry of Clerks Default (#7) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motions to Strike (## 6, 8) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (#21) is **DENIED**.

DATED this 4th day of February 2011.

_____
Kent J. Dawson
United States District Judge